IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Criminal Action No. |
| § | 3:17-CR-413-L |
| vs. § | |
| § | |
| SHAFFAH RYAN SMITH § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order of reference dated October 20, 2023 (doc. 89), before the Court are the *Petition for Person Under Supervision*, filed November 24, 2020 (doc. 67), *Addendum to Petition for Person Under Supervision*, filed August 22, 2022 (doc. 69), and *Second Addendum to Petition for Person Under Supervision*, filed September 26, 2022 (doc. 70). The defendant appeared in person and through counsel for a final revocation hearing on November 9, 2023, and the government orally moved to withdraw certain alleged violations. The oral motion to withdraw was **GRANTED**. Based on the filings, evidence, testimony, oral argument, plea of true to the remaining alleged violations, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **TWENTY-TWO (22) MONTHS**, with no additional term of supervised release to follow.

### I. BACKGROUND

On August 8, 2017, Shaffah Ryan Smith (Defendant), was charged in a single-count indictment with being convicted felon is possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (*See* doc. 1 at 1.)[1] He pleaded guilty to the indictment, and by judgment dated July 6, 2018, was sentenced to imprisonment for 24 months, to be followed by a two-year term of supervised

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

release. (*See* docs. 17, 19, 25, 44.) He began his term of supervised release on June 24, 2019. (*See* doc. 48.) His term of supervised release was revoked by judgment dated October 30, 2019, and he was sentenced to imprisonment for 4 months, to be followed by a 32-month term of supervised release. (*See* doc. 64.) Defendant began his second term of supervised release on December 13, 2019. (*See* doc. 67.)

A.   **Petition**

On November 24, 2020, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (Petition) alleging the following violations:

**I.**

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance**

Shaffah Ryan Smith violated this condition of supervised release on June 1, 2020, as evidenced by his arrest by the Richardson, Texas, Police Department (RPD), for committing the offense of Burglary of a Vehicle on or about April 12, 2020, Case No. MA2045559, in violation of State Penal Code 30.04(a), a Class A misdemeanor. Mr. Smith is currently on bond pending disposition of this case.

Mr. Smith violated this condition of supervised release on June 1, 2020, as evidenced by his arrest by the RPD, for committing the offense of Burglary of a Vehicle on or about April 28, 2020, Case No. MA2045565, in violation of State Penal Code 30.04(a), a Class A misdemeanor. Mr. Smith is currently on bond pending disposition of this case.

Mr. Smith violated this condition of supervised release on June 1, 2020, as evidenced by his arrest by the RPD, for committing the offense of Burglary of a Vehicle on or about May 10, 2020, Case Nos. MA2045560, MA2045561, MA2045562, MA2045563 and MA2045564, in violation of State Penal Code 30.04(a), a Class A misdemeanor. Mr. Smith is currently on bond pending disposition of these cases.

According to RPD Probable Cause Warrants, Mr. Smith is a suspected member of a group involved in multiple vehicle burglaries within the Metroplex. A suspect (S1) arrested in connection with these burglaries was interviewed by RPD. S1 admitted to meeting others

involved in vehicle burglaries after they stole credit/debit cards with the intent to use them before the victim cancelled them. S1 provided a nickname (Jelly) as one of the other suspects involved. S1 was not usually made aware of where the cards were stolen from, but knew they were stolen. Investigators inquired if S1 knew where they targeted vehicles. S1 stated the group looked for vehicles at day cares, gyms and parks. S1 further stated the group usually rented large sport utility vehicles or pickups to commit the offenses. This is consistent with the Felony Lane Gang style burglaries in the Metroplex for the last couple of years.

A cell phone was seized when S1 was arrested and a search warrant to extract data and obtain additional evidence from phone was obtained. Cell phone data revealed text exchanges between S1, and a contact listed as "Shaffah Ryan". The time stamp on the text messages were consistent with a burglary of a vehicle occurring March 1, 2020. Other texts revealed messages about "working", which included times and addresses related to a Walmart credit card abuse case.

Investigators discovered Mr. Smith was wearing an electronic leg monitor (ELM) issued by a private bond company. On May 20, 2020, a search warrant was obtained for Mr. Smiths ELM GPS data. On May 26, 2020, Recovery Monitoring Solutions provided the requested data to investigators. The ELM/GPS data placed Mr. Smith at various locations where vehicle burglaries took place on May 10, 2020, as well as three other vehicle burglaries in the Richardson area on other dates. ELM/GPS data also placed Mr. Smith at other vehicle burglaries locations within other cities in the Metroplex.

## II.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release on August 22, 2020, as evidenced by his arrest by the Fairview, Texas, Police Department (FPD), for the offense of Burglary of a Vehicle occurring on or about April 15, 2020, Case Nos. 5-83952-2020, 5-83953-2020 and 5-83954-2020, in violation of State Penal Code 30.04(a), a Class A misdemeanor (each case) punishable by a term of imprisonment not to exceed 1 year, and a fine not to exceed $4,000.

Mr. Smith violated this condition of supervised release on August 22, 2020, as evidenced by his arrest by the FPD, for the offense of Burglary of a Vehicle occurring on or about May 14, 2020, Case No. 5-83950-2020, in violation of State Penal Code 30.04(a), a Class A

misdemeanor punishable by a term of imprisonment not to exceed 1 year, and a fine not to exceed $4,000.

Mr. Smith violated this condition of supervised release on August 22, 2020, as evidenced by his arrest by the FPD, for the offense of Possession of Marijuana-4OZ/5LBS, in violation of Health and Safety Code 481.121(b)(3), a State Jail Felony punishable by not less than 180 days, not more than 2 years imprisonment, and a fine not to exceed $10,000.

On August 22, 2020, FPD initiated a traffic stop on a vehicle and smelled a strong odor of marijuana emanating from inside. The driver, who initially provided a fictitious name, was identified as Mr. Smith. A record check revealed four warrants out of Collin County, Texas for his arrest related to Burglary of a Vehicle. Located during the search of the vehicle was a backpack containing a one-gallon Ziplock bag and 38 additional bags containing a green, leafy substance appearing to be marijuana; a digital scale; and 36 blue bags. The total amount of marijuana located weighed approximately 15 ounces. Mr. Smith was subsequently arrested, transported to the Collin County Detention Facility and released on bond.

### III.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Standard Condition No. 1**

The defendant shall not leave the judicial district without the permission of the court or probation officer.

**Violation of Standard Condition No. 9**

The defendant shall not associated with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release on November 14, 2020, as evidenced by his arrest by the Leawood, Kansas, Police Department (LPD), for the offenses of Burglary of a Vehicle, in violation of Kansas State Penal Code 21-5807.a3.c1.A3, a nonperson felony punishable by a term of imprisonment of 5-17 months and a fine of no more that $100,000 (each case), and Criminal Damage to Property without Consent Value <$1000, in violation of Kansas State Penal Code 21-5813.a 1.c3, a Class B misdemeanor, punishable by a term of imprisonment up to 6 month, and a fine up to $1,000 (each case); Case Nos. 2020-3256, 2020-3257, 2020-3259, 2020-3262, and 2020-3263.

> On November 14, 2020, LPD responded to several reports of vehicle burglaries at two separate city parks (Geezer Park and South Greenway). Victims reported windows to their vehicles had been broken and various items taken from inside their cars. While canvassing the area, LPD observed a newer model, black Ford truck located in the North Greenway parking lot backed in near other vehicles. LPD observed two black males exit the truck and walk away as if they were going to exercise at the nearby trail. The driver was dressed in all black clothing and the passenger in all white. Both individuals were observed walking and turning north onto a trail. The license plate on the truck belonged to a 2015 Chevrolet Impala. The fictitious plate was placed over the legal plate, which belonged to Enterprise Leasing. Further inspection of the vehicle revealed numerous purses lying on the rear floorboard in plain view. The information was broadcast to other officers responding to the area in efforts to locate and detain the two males on suspicion of vehicle burglaries.
>
> LPD initiated contact with both males. The male wearing black clothing, identified as Mr. Smith, began to run but quickly surrendered and was taken into custody. Mr. Smith had $2,984 in cash, a debit card and two cell phones in his pocket. The second male wearing white clothing, identified as Bob T. Joseph, was observed running from the roadway. LPD located Mr. Joseph hiding in the creek and he was taken into custody. Mr. Joseph had a large sum of cash, a black window punch/seat belt cutting device, a stack of gift cards and an Apple iPhone. A search of the Ford truck revealed numerous items linked to the burglary victims in Geezer Park and South Greenway. Mr. Smith and Mr. Joseph were subsequently charged with Burglary to an Automobile and Criminal Damage to Property. Further, Mr. Smith did not have permission to be outside the Northern District of Texas.

(*See* doc. 67.)

**B.      Addendum to Petition**

On August 22, 2022, the USPO submitted an addendum to the petition for person under supervision (Addendum) that alleged the following additional violations of Defendant's conditions of supervised release:

### IV.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

5

**<u>Violation of Standard Condition No. 1</u>**

The defendant shall not leave the judicial district without permission of the court or probation officer.

**<u>Violation of Standard Condition No. 9</u>**

The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**<u>Nature of Noncompliance</u>**

Mr. Shaffah Smith violated these conditions of supervised release when he allegedly possessed a controlled substance and purposely fled from a law enforcement officer attempting to lawfully arrest or detain him, as evidenced by his arrest by Roland, Oklahoma Police Department (RPD) and the State of Arkansas Police Division (APD) on July 19, 2022, for the offense of Fleeing, a Class C felony, in violation of Arkansas Criminal Code (ACC) 5-54-125; Criminal Mischief in the First Degree, a Class C felony, in violation of ACC 5-38-203; Drug Paraphernalia, Class A misdemeanor, in violation of ACC 5-64-443; and Possession of Marijuana, Class A misdemeanor, in violation of ACC 5-64-419 (b)(5)(A).

Crawford County, Arkansas is located in the Western District of Arkansas, and Mr. Smith did not have permission of the court or probation officer to leave the Northern District of Texas.

According to the incident reports, on July 20, 2022, RPD Officers observed a pick-up truck traveling at a speed greater than posted as well as failing to maintain its lane. Upon making contact with the vehicle, RPD Officers noticed the driver, who was later identified as Mr. Smith, had not put the vehicle in park and kept his foot on the break. On account of the vehicles abnormal tint, RPD Officers directed Mr. Smith to roll the back window down; however, he fled the scene via the vehicle. RPD Officers described Mr. Smith began passing cars at a speed in excess of 100 miles per hour (mph) nearly causing a collision. Because of the pursuit entering Arkansas, RPD officers requested Arkansas State Police be notified of the pursuit. Upon entering the State of Arkansas, APD officers assisted RPD officers with their pursuit.

APD officers reported having attempted several times to get into position to perform a precision immobilization technique on the vehicle; however, Mr. Smith would either try and force APD officers off the roadway or slow down. APD officers made known Mr. Smith reached speeds of over 100 mph and drove in a manner where he had no regard for the safety of himself or others on the roadway.

Once Mr. Smith's vehicle came to a stop, APD and RPD Officers ordered passengers, Keidren Osburne and Shawna Popenhagen; and the driver, Mr. Smith, to exit the vehicle. All parties

were taken into custody without further incident. An inventory of the vehicle revealed a half ounce of suspected marijuana. Ms. Popenhagen, who was pregnant, was found to be in possession of suspected marijuana that she had hidden in her vaginal area. She informed APD Officers she was given the bag by Mr. Smith and told to hide it.

On August 8, 2022, a Criminal Information was filed, under Docket Number: 17CR-22-655, in the 21st Judicial Circuit, in Crawford County, Arkansas, which alleged Mr. Smith committed the offenses of Fleeing in a Vehicle or Conveyance with Substantial Danger of Causing Death or Serious Physical Injury, a Class C felony, in violation of ACC 5-54-125; and Possession of Marijuana <4 ounces, a Class A misdemeanor, in violation of ACC 5-64-419(b)(5)(A).

As of the filing of this petition, Mr. Smith remains in custody at the Crawford County Detention Center located at 4235 Alma Highway, in Van Buren, Arkansas, 72956.

## V.

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release by failing to submit a truthful and complete written report within the first five days of each month as directed by the probation officer for June and December of 2020; January, February, March, April, May, June, July, August, September, October, November, December of 2021; and January, February, March, April, May, June, and July or 2022.

## VI.

**Violation of Special Condition**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and /or all other intoxicants during and after the completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release by failing to submit urine specimens

at Phoenix Associate Services, a contract vendor in Garland, Texas, as instructed on March 6, 2020; May 19, 2020; May 29, 2020; June 19, 2020; and June 27, 2020.

### VII.

**Violation of Special Condition**

The defendant shall participate in a program or course of study aimed at improving educational level or employment skills, in particular, defendant shall obtain a GED prior to the expiration of his supervised release, and he shall participate in or complete a vocational program, or participate in the literacy program.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release when he failed to obtain a GED prior to the expiration of his supervised release.

(*See* doc. 69.)

**C.    Second Addendum to Petition**

On September 26, 2022, the USPO submitted a second addendum (Second Addendum) that provided the following additional information regarding the state offenses in section IV of the Addendum.

> On August 24, 2022, Mr. Smith pled guilty to Fleeing in a Vehicle or Conveyance with Substantial Danger of Causing Death or Serious Physical Injury, a Class C felony, in violation of Arkansas Criminal Code (ACC) 5-54-125(d)(2), under Docket Number 17CR-22-655(1), in the 21st Judicial Circuit, in Crawford County, Arkansas. Mr. Smith was sentenced to 60 months confinement, with 36 days credit for time served, followed by a 5-year term of suspended imposition sentence.
>
> The Court granted the motion for nolle prosequi for the offense of Possession of Marijuana <4 ounces, a Class A misdemeanor, in violation of ACC 5-64-419(b)(5)(A). Mr. Smith remains in state custody.

(*See* doc. 70.) The Second Addendum did not allege any new or additional violations.

**D.    Hearings**

Defendant was arrested and made his initial appearance on the Petition in this district on July

14, 2023. (*See* doc. 78.) On that date, he waived his right to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and he was ordered detained pending a revocation hearing. (*See* docs. 74, 80, 81.)

A final revocation hearing was conducted on November 9, 2023, and Defendant appeared in person and through counsel. At the beginning of the hearing, the government orally moved to withdraw all of the violations alleged in the Petition, and the violation of the mandatory condition prohibiting illegal possession of a controlled substance alleged in section IV and the violation regarding participation in a program or course aimed at improving education or employment skills alleged in section VII of the Addendum. The motion was orally granted.

After his competence was established, Defendant testified under oath that he understood the remaining violations alleged in the Addendum, and the range of punishment for those violations. He also understood that he had the right to plead not true and have a hearing concerning whether he committed those violations, and that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Addendum before a United States Magistrate Judge. He sought to be heard, however, on the issue of the appropriate sentence. He conceded that a custody sentence was appropriate but argued for a below-guideline sentence of 12 months and one day with no term of supervised release to follow, and for the sentence to run from July 2022. The government argued for a sentence at the top of the guideline range, 24 months, but agreed that no following term of supervised release should be imposed.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **TWENTY-TWO (22) MONTHS** with no additional term

of supervised release. Defendant was advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to the recommended sentence being imposed.

## II. SENTENCE

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     ***
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     ***
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments

      made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true to the violations in the Addendum (except the Mandatory Condition concerning possession of a controlled substance and the Special Condition concerning program or course of stud), the Court finds that Defendant has violated the following conditions, as alleged in the Addendum: the Mandatory Condition regarding another federal, state or local crime; Standard Condition No. 1 regarding leaving the judicial district without permission; Standard Condition 9 regarding association with persons engaged in criminal activity or convicted of a felony; Standard Condition 2 regarding reporting to the probation officer; and the Special Condition concerning treatment. Because he violated his conditions of supervised release by committing a Grade

---

[2]The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

B violation, revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is two years. (*See* doc. 67 at 4, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of B and a criminal history category of V, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 18 to 24 months. (*See id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*See id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of life, minus the revocation sentence. (*See id.,* citing 18 U.S.C. § 3583(h).)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **TWENTY-TWO (22) MONTHS**, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case. Less than two months after beginning his first term of supervised release, Defendant was arrested for two state offenses, a felony and a misdemeanor. His supervised release was revoked, and he was sentenced to four months of imprisonment, to be followed by a 32-month term of supervised release, which he began on December 13, 2019. Beginning approximately four months later, in April 2020, and continuing through November 2020, Defendant was alleged to have committed numerous similar misdemeanor state offenses. Less than two years later, in July 2022, he was arrested in Arkansas for

fleeing from law enforcement officers who were attempting to arrest or detain him, a felony offense. The offense, to which Defendant ultimately pleaded guilty, began in Oklahoma and involved a car chase across state lines at a speed of more than 100 miles per hour, a near collision, and attempts to force officers off the road. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence near the top of the guideline range, with no additional term of supervised release to follow, will afford adequate deterrence to protect the public from further crimes.

### III.  RECOMMENDATION

Defendant's plea of true to the violations in the Addendum remaining after the government's withdrawal of certain alleged violations should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY-TWO (22) MONTHS**, with no additional term of supervised release to follow.

**SO RECOMMENDED on this 9th day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE