# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA**, | § | |
| | § | |
| v. | § | Criminal Case No. 3:17-cr-00413-L-1 |
| | § | |
| **SHAFFAH RYAN SMITH.** | § | |

## JUDGMENT

Before the court are: Petition for Person Under Supervision (Doc. 67), filed November 24, 2020, Addendum to Petition for Person Under Supervision (Doc. 69), filed August 22, 2022, and Second Addendum to Petition for Person Under Supervision (Doc. 70), filed September 26, 2022 (collectively, the "Petitions"). On October 20, 2023, the court entered an electronic order (Doc. 89) referring this matter to Magistrate Judge Irma Ramirez to conduct a revocation hearing on the allegations in the Petitions and make findings and a recommendation. On November 9, 2023, Judge Ramirez entered her Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 94) recommending that the court revoke Defendant Shaffah Ryan Smith's ("Defendant") supervised release, sentence him to imprisonment for twenty-two months, and order no additional term of supervised release. Report 1. On November 9, 2023, Defendant filed a Consent to Administration of Plea of True and Federal Rule of Criminal Procedure 11 Allocution by United States Magistrate Judge (Doc. 95). On November 22, 2023, Defendant filed objections to the Report (Doc. 96). The Government did not file a response to Defendant's objections, and the deadline to do so has expired.

I.      **Background**[1]

On July 6, 2018, Defendant plead guilty to violating 18 U.S.C. § 922(g)(1) and 924(a)(2), felon in possession of a firearm, and the court sentenced him to imprisonment for 24 months, followed by 1 year of supervised relief. *Id.* at 1-2. On July 24, 2019, after completing his term of imprisonment, Defendant began his term of supervised release. *Id.* at 2 (citing Doc. 48). On October 30, 2019, the court revoked Defendant's term of supervised release, and sentenced him to imprisonment for 4 months followed by a 32-month term of supervised release. *Id.* (citing Doc. 64). Defendant began his second term of supervised release on December 13, 2019. *Id.* (citing Doc. 67).

Between December 13, 2019, and July 19, 2022, Defendant violated several of his terms of supervised release. *Id.* at 2-8 (quoting Petitions). After he was arrested in Arkansas on July 19, 2022, Defendant pled guilty on August 24, 2022, to Fleeing in a Vehicle or Conveyance with Substantial Danger of Causing Death or Serious Physical Injury. *Id.* at 8. On the same day, he "was sentenced to 60 months confinement, with 36 days credit for time served, followed by a 5-year term of suspended imposition sentence." *Id.* (quoting Doc. 70 at 1). Defendant remained in state custody in Arkansas until he was transferred to the Northern District of Texas on July 14, 2023. *Id.* at 8-9 (citing Doc. 78).

At the revocation hearing on November 9, 2023, after the Government moved to withdraw two allegations in the Petitions, Defendant entered his plea of true to the remaining allegations in the Petitions. *Id.* at 9. After finding that Defendant's plea of true was knowing and voluntary, Judge Ramirez found that he violated the following conditions: "the Mandatory Condition regarding another federal, state or local crime; Standard Condition No. 1 regarding leaving the judicial

---

[1] The court incorporates by reference the Report and only includes facts that a relevant to ruling on Defendant's objection.

district without permission; Standard Condition 9 regarding association with persons engaged in criminal activity or convicted of a felony; Standard Condition 2 regarding reporting to the probation officer; and the Special Condition concerning treatment." *Id.* at 11. Therefore, the revocation of Defendant's supervised release is mandatory because he violated his conditions of supervised release by committing a Grade B violation. *Id.* at 11-12.

Based on the Report's conclusion, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is two years. *See* Doc. 67 at 4 (citing 18 U.S.C. § 3583(e)(3)). With a Grade B violation and a criminal history category of V, Defendant's range of imprisonment under United States Sentencing Guidelines (USSG) § 7B1.4(a) is 18 to 24 months. *See id.* In support of the Report's recommendation of 22 months, the Report states:

> Less than two months after beginning his first term of supervised release, Defendant was arrested for two state offenses, a felony and a misdemeanor. His supervised release was revoked, and he was sentenced to four months of imprisonment, to be followed by a 32-month term of supervised release, which he began on December 13, 2019. Beginning approximately four months later, in April 2020, and continuing through November 2020, Defendant was alleged to have committed numerous similar misdemeanor state offenses. Less than two years later, in July 2022, he was arrested in Arkansas for fleeing from law enforcement officers who were attempting to arrest or detain him, a felony offense. The offense, to which Defendant ultimately pleaded guilty, began in Oklahoma and involved a car chase across state lines at a speed of more than 100 miles per hour, a near collision, and attempts to force officers off the road. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence near the top of the guideline range, with no additional term of supervised release to follow, will afford adequate deterrence to protect the public from further crimes.

Report 12-13.

Defendant does not object to the Report's conclusions; however, he requests that the court "modify the recommended sentence to allow for the time [Defendant] spent in Arkansas custody beginning July 19, 2022, . . . to count towards his twenty-two-month federal sentence." Obj. 2

(citations omitted). In the alternative, Defendant requests a sentence of twelve months and one day. *Id.* at 3.

Prior custody credit is controlled by 18 U.S.C. § 3585(b) and administratively by the Bureau of Prison's ("BOP") Program Statement 5880.28. Section 3585(b) states:

> [A] defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence.

18 U.S.C. § 3585(b)(1)-(2). Pursuant to section 3585(b)(2), the BOP will not credit the time Defendant served in state custody because it will be or has already been credited against his state court sentence of 60 months.

Further, the violation of a term of supervised release and the commission of a crime that also violates federal, state, or local law are to be treated independently. The crime Defendant committed in Arkansas was a criminal act that the state was entitled to pursue. Likewise, the court has every right to determine independently the punishment for the supervised release violations committed by Defendant even if the conduct involving the crime and the supervised release violation are the same or overlap.

The court, therefore, considers Defendant's alternative request—a sentence of twelve month and one day. A sentence of twelve months and one day is a sentence below the guideline range; therefore, the court must consider whether Defendant is entitled to a downward variance pursuant to the statutory factors outlined in 18 U.S.C. § 3553(a).[2] For the reasons stated in the Report, the statutory factors indicate that Defendant is not entitled to a downward variance.

---

[2] The court may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Also, courts may not impose or lengthen a prison term to foster a defendant's rehabilitation. *United States v. Tapia*, 564 U.S. 319 (2011).

Accordingly, Defendant's objection is **overruled.** The court, however, believes that a term of 18 months is sufficient to deter Defendant from committing further crimes and protect the public. In other words, the court determines that a sentence of 18 months accomplishes the same objective or purpose with respect to deterrence and protection of the public as one within the policy statement.

Having considered Defendant's Objections, the Petitions, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court, except for the Report's recommended sentence of imprisonment. Accordingly, the court **revokes** Defendant's term of supervised release and **orders** that Defendant be committed to the custody of the BOP for a term of **18 months, beginning from the date Defendant was transferred to the Northern District of Texas on July 14, 2023,** to run **consecutively** to any sentence imposed by the State of Arkansas. No term of Supervised Release is to follow once Defendant serves his sentence of 18 months, because the court does not believe such supervision would be successful.

**It is so ordered** this 25th day of January, 2024.

Sam A. Lindsay
United States District Judge

Judgment – Page 5